## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

KAREN S. O.,

                  Plaintiff,

vs.

                                      Case No. 19-CV-335-CVE-FHM

ANDREW M. SAUL,
Commissioner of Social Security
Administration,

                  Defendant.

### REPORT AND RECOMMENDATION

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

### Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1]  Plaintiff's October 19, 2016, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") Lantz McClain was held September 7, 2018.  By decision dated September 28, 2018, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on May 13, 2019.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 53 years on the date of alleged onset of disability and 56 at the time of the ALJ's denial decision.  She completed the 10th grade, obtained a General Equivalency Diploma, formerly worked as a house cleaner and currently works part-time as a cashier at less than the substantial gainful activity level.  She claims to have been unable to work since January 1. 2016, as a result of back pain from degenerative disc disease, diffuse arthralgia, hypertension, borderline obesity, depression, and anxiety.

## The ALJ's Decision

The ALJ determined that Plaintiff retains the residual functional capacity (RFC) to perform light work to include stand and/or walk at least six hours in an eight-hour workday, sit at least six hours in an eight-hour workday, lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently, occasionally climb stairs or ramps, and stoop.  [R. 15].  Based on the testimony of a vocational expert, the ALJ determined that Plaintiff could perform her past relevant work as a house cleaner with these limitations.  The case was thus decided at step four of the five-step evaluative sequence for determining whether a

claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

<u>**Plaintiff's Allegations**</u>

Plaintiff asserts that the ALJ erroneously ignored and rejected Dr. Simmons' opinion that she "may have more difficulty adjusting to changes in her routine and/or environment." [R. 410].

<u>**Analysis**</u>

Suzan B. Simmons, Ph.D. performed a consultative psychological evaluation of Plaintiff on December 20, 2016.  [R. 406-410].  Dr. Simmons summarized her evaluation, as follows:

> Karen appeared to be overwhelmed with her physical problems and the care of her disabled daughter.  Her lack of good sleep likely contributes to both her mental health issues and physical symptoms.  She reported difficulties with the side effects of medications and difficulty with pain control.  It is perceived that Karen has the ability to understand and follow routine instructions in a job situation.  She appeared to have lowered tolerance for frustration and stress at this time and may have more difficulty adjusting to changes in her routine and/or environment.  She is likely to have difficulty keeping up with pace and being persistent in tasks.  Her anxiety is likely influenced by the ongoing care of her daughter, lack of sleep and chronic pain.  She appeared to have the ability to get along appropriately with others.  It is perceived that Karen has the ability to oversee any cash benefits that may be awarded to her.

[R. 410].

The ALJ discussed Dr. Simmons' conclusions in conjunction with performing the Psychiatric Review Technique (PRT) which the Commissioner's regulations require the ALJ to perform when there is evidence of a mental impairment that allegedly prevents a

3

claimant from working.   The ALJ must follow the procedure for evaluating mental impairments set forth in the regulations and is required to document the application of the PRT, in the decision.  20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dept of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same).  The PRT requires the ALJ to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt and manage oneself.  These criteria represent the areas of mental functioning a person uses in a work setting.  *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, §12.00 (C).  The findings related to the "paragraph B" criteria are not RFC findings, but rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process.  *See Chrismon v. Colvin*, 531 Fed.Appx. 893, 897-898 (10th Cir. 2013)(discussing the difference between PRT findings and RFC findings)..

The ALJ discussed Dr. Simmons' conclusions as they relate to the paragraph B criteria.  In so doing, the ALJ contrasted Dr. Simmons' conclusions to other evidence in the record, including Plaintiff's ability to maintain part-time employment as a cashier, maintain a household, care for herself and her disabled daughter, and manage her finances.  [R. 13-14].  The ALJ concluded that Plaintiff had mild limitations in each of the paragraph B areas. Under the applicable regulations when each of the areas is rated mild, the ALJ can conclude that the mental impairment is non-severe.  That is, the mental impairment does not cause more than a minimal limitation in the ability to do basic work activities.  20 C.F.R. §§ 404.1520a(d), 416.920a(d).

4

Plaintiff states that the ALJ relied on Dr. Simmons' conclusions to support the finding that she had only mild limitations, without mentioning the finding that she had a possible difficulty in adjusting to changes in a work routine.  According to Plaintiff, this constitutes a rejection of a portion of Dr. Simmons' opinion without any explanation for the rejection which requires remand for the ALJ to properly consider Dr. Simmons' opinion about possible difficulty in adjusting to changes in work routine, citing *Haga v. Astrue*, 482 F.3d 1205 (10th Cir. 2007).

In *Haga*, 482 F.3d at 1208-09, the Court applied the long-standing holding in *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir.1996), that the ALJ is not required to discuss every piece of evidence, but "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon as well as significantly probative evidence he rejects."  In *Haga* the ALJ failed to perform the analysis required by *Clifton*.  As a result, the case was remanded "so that the ALJ could explain the evidentiary support for his RFC determination."  482 F.3d at 1208.

Plaintiff also cited *Parker v Commn'r SSA*, 772 Fed.Appx. 613 (10th Cir. 2019), as being similar to the instant case.  In *Parker*, a consultative examiner opined that Mr. Parker was "moderately impaired in his ability to respond appropriately to usual work situations and changes in th usual work setting."  *Id.* at 616.  The Court remanded the case for further proceedings, finding that the ALJ neither incorporated that opinion into the RFC, nor explained why it was rejected.  *Id*. at 617.  The undersigned finds that the instant case is not similar to *Parker*.

In the present case Dr. Simmons said that Plaintiff:  "*may have* more difficulty adjusting to changes in her routine and/or environment." [R. 410, emphasis supplied].  The

5

undersigned finds that Dr. Simmons' equivocal statement does not rise to the level of significantly probative evidence that the ALJ was required to discuss.  Nor does the equivocal statement constitute an opinion that the ALJ was required to accept or reject. Therefore, the ALJ's failure to discuss Dr. Simmons' statement does not present a basis for remand under any of the authorities cited.

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation.  Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before August 14, 2010.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate

review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).  Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 31st day of July, 2020.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE