UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KAREN S. O.,                          )
                                      )
                 Plaintiff,           )
                                      )
v.                                    )        Case No. 19-CV-0335-CVE-FHM
                                      )
ANDREW M. SAUL,                       )
Commissioner of Social Security       )
Administration,                       )
                                      )
                 Defendant.           )

## OPINION AND ORDER

Now before the Court is the Report and Recommendation (Dkt. # 18) recommending that the Court affirm the Commissioner's decision to deny plaintiff's claim for disability benefits. Plaintiff has filed a timely objection to the report and recommendation, and she argues that the administrative law judge (ALJ) failed to explain his reasoning for rejecting a medical opinion that plaintiff "may have more difficulty adjusting to changes in her routine and/or environment." Dkt. # 19, at 2. Defendant responds that the equivocal statement by the psychological examiner was not a medical opinion that the ALJ was required to accept or reject, and there was no error warranting remand of this case for further proceedings. Dkt. # 20.

## I.

On October 19, 2016, plaintiff filed an application for disability benefits, and her application was denied initially and upon reconsideration. Dkt. # 10, at 126-27, 135-36, 208-09. Plaintiff requested a hearing before an ALJ, and a hearing was held on September 7, 2018. Plaintiff was represented by counsel at the hearing. Id. at 41. Plaintiff worked part-time but the ALJ agreed that

the work did not rise to the level of substantial gainful employment.  Id. at 44.  Plaintiff frequently suffers from pain in her back and neck and she has arthritis in her hands, and she claims that she has daily panic or anxiety attacks.  Id. at 45-47.  Plaintiff spends a substantial amount of time taking care of her developmentally disabled adult daughter.  Id. at 44-45, 49.  The ALJ reviewed plaintiff's employment history and noted that she had worked as a house cleaner.  Id. at 54.  The ALJ called a vocational expert (VE) to testify about plaintiff's prior job as a house cleaner, and the VE explained that the job is listed as medium in work in the Dictionary of Occupational titles.  Id. at 55.  However, the job as actually performed by plaintiff would be classified as light work.  Id. at 56.

On September 28, 2018, the ALJ issued a written decision finding that plaintiff was not disabled.  Plaintiff had not engaged in substantial gainful activity since January 1, 2016 and, at step two, she had the severe impairments of degenerative disc disease, diffuse arthralgia, hypertension, and borderline obesity.  Dkt. # 10, at 16.  The ALJ also considered plaintiff's mental impairments of depression and anxiety at step two, and he summarized the findings of the psychological examiner, Susan B. Simmons, Ph. D.  Id. at 17.  At a mental status examination on December 20, 2016, plaintiff showed significant anxiety about the care of her developmentally disabled adult daughter, and Dr. Simmons determined that plaintiff suffered from persistent depressive disorder, anxiety disorder, panic disorder, and adjustment disorder related to her depression and anxiety.  Id.  The ALJ summarized Dr. Simmons' findings and noted that plaintiff's low tolerance for frustration and stress would affect her pace and persistence in performing tasks.  Id.  He also considered the four areas of mental functioning set out in Social Security regulations, known as the "paragraph B" criteria, for determining whether plaintiff's mental impairments were severe.  Id.  The ALJ found that plaintiff had a mild limitation in each of the four categories, but this did not meet the

2

requirements for a severe mental impairment at step two. Id. Plaintiff did not have an impairment or combination of impairments that met or exceeded one of the listed impairments in 20 C.F.R. part 404, Subpart P, Appendix 1, and the ALJ proceeded to step four of the analysis. At step four, the ALJ found that plaintiff had the residual functional capacity (RFC) to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with the following limitations. The claimant is able to stand and/or walk at least six hours in an eight-hour workday and sit at least six hours in an eight-hour workday. She is able to lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently. The claimant can occasionally climb such things as stairs or ramps, and stoop.

Id. at 19. The ALJ summarized the medical evidence and explained that he did not include any mental limitations. Id. at 21-22. He relied on his prior findings that plaintiff had mild limitations in the four areas of mental functioning and these mild limitations did not need to be included in the RFC. Id. at 21. The ALJ concluded that plaintiff could perform her past relevant work and plaintiff was found to be not disabled at step four. Id. at 22. Plaintiff asked the Appeals Council to review the ALJ's decision, and the Appeals Council found no basis to change the ALJ's decision. Id. at 5.

## II.

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within 14 days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

3

### III.

Plaintiff argues that the ALJ implicitly rejected Dr. Simmons' opinion that plaintiff may have difficulty adjusting to changes, because the ALJ failed to discuss this opinion in his written decision and was required to provide a specific, legitimate reason for rejecting medical opinion evidence. Dkt. # 19, at 2. Defendant responds that opinion at issue is equivocal in nature, and the ALJ was not required to accept or reject Dr. Simmons' opinion that plaintiff might have difficulty adjusting to changes. Dkt. # 20.

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." Id. An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. See 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." Allen, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him] from performing [his] past relevant work. See id. Even if a claimant is so impaired, the agency considers, at step five, whether [he] possesses the sufficient residual functional capability to perform other work in the national economy. See id.

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). The ALJ decided this case at step four of the analysis and he concluded that plaintiff could perform her past relevant work. Step four has three separate phases:

> In the first phase, the ALJ must evaluate a claimant's physical and mental [RFC], see SSR 86-8, Soc. Sec. Rep. Serv., Rulings 1983-1991, 423, 427 (West 1992), and in the second phase, he must determine the physical and mental demands of the claimant's past relevant work. 20 C.F.R. § 404.1520(e). In the final phase, the ALJ

determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one.

Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996). If a claimant can perform his or her past relevant work, the claimant is not disabled and the ALJ is not required to continue to step five of the analysis. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The Court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

Plaintiff's objection to the report and recommendation concerns the ALJ's treatment of a statement by the psychological examiner, Dr. Simmons, that plaintiff "may have more difficulty adjusting to changes in her routine and/or environment." Dkt. # 10, at 414. Plaintiff was referred to Dr. Simmons for a psychological examination in connection with her application for disability benefits, and she had a history of outpatient treatment for depression. Id. at 410. Plaintiff reported that she felt stressed due to having to take care of developmentally disabled daughter, and she claims to feel anxious and depressed much of the time. Id. at 412. Dr. Simmons diagnosed plaintiff with

persistent depressive disorder and an unspecified anxiety disorder, as well as an adjustment disorder related to her depression and anxiety.  Id. at 413.  Dr. Simmons' summary notes that plaintiff's depression and anxiety are primarily caused by plaintiff's care of her daughter, lack of sleep, and chronic pain, and Dr. Simmons stated that

> [i]t is perceived that [plaintiff] has the ability to understand and follow routine instructions in a job situation.  She appeared to have lowered tolerance for frustration and stress at this time and may have more difficulty adjusting to changes in her routine and/or environment.  She is likely to have difficulty keeping pace and being persistent in tasks.

Id. at 414.  The ALJ summarized the findings from Dr. Simmons' examination and he noted Dr. Simmons' opinions that plaintiff appeared to have ability to understand and follow routine instructions.  He also considered Dr. Simmons' opinion that plaintiff appeared to have lower tolerance for frustration and stress and that plaintiff might have difficulty with pace and persistence.  Id. at 17.  However, the ALJ did not specifically mention that plaintiff may have difficulty adjusting to changes in her environment.

The ALJ is required to evaluate all of the medical opinion evidence in the record, whether the opinion is offered by a treating physician or another source.  20 C.F.R. § 404.1527(b).  Federal or state consultants are considered "highly qualified and experts in Social Security disability evaluation."  20 C.F.R. § 404.1513a(b)(1).  Social Security regulations define a "medical opinion" as "statements from acceptable sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."  20 C.F.R. § 416.927(a)(1).  The regulation provides six factors that should be considered for the evaluation of medical opinions offered by a source that is not entitled to controlling weight.  The ALJ should consider whether the physician

6

examined the claimant, the nature of the treatment relationship, the supportability of the opinions in light of the evidence gathered by the physician, consistency with other medical evidence in the record, specialization of the physician, and other factors such as the physician's familiarity with the disability system.  20 C.F.R. § 416.927(c).

The first issue the Court must decide is whether Dr. Simmons' statement that plaintiff "may have more difficulty adjusting to changes in her routine and/or environment" is a medical opinion that the ALJ was required to discuss.  Plaintiff argues that Dr. Simmons found that she would "likely" have a restricted ability to adjust to changes in the work environment, and she cites Parker v. Comm'r of Social Security Administration, 772 F. App'x 613 (10th Cir. Apr. 2019), for the proposition that the ALJ must provide reasons on the record for rejecting a physician's limitation as to the plaintiff's ability to adjust to changes.  Dkt. # 12, at 5-6; Dkt. # 19, at 2.  In Parker, the Tenth Circuit remanded the case for further proceedings because the ALJ failed to discuss a consulting physician's opinion that the claimant had a moderate limitation in his ability to respond to usual work situations and routine changes in the workplace setting.  Parker, 772 F. App'x at 617.  In this case, Dr. Simmons did not affirmatively state that plaintiff has a limitation in her ability to adjust to changes in her routine or environment, but she suggests that plaintiff "may have" some type of limitation without explaining the severity of the limitation.  This is distinguishable from Parker.  The ALJ in Parker failed to discuss a moderate limitation as to plaintiff's ability to respond to usual work situations, and this was compounded by the ALJ's omission of a second moderate limitation concerning the claimant's ability to interact with supervisors and co-workers.  Id. at 617.  Dr. Simmons did not specify whether plaintiff actually had a limitation as to adjusting to changes in the workplace, and there is nothing that can be construed as an opinion as the severity of the limitation.

7

The Court does not find that the ALJ was required to expressly accept or reject Dr. Simmons' statement concerning plaintiff's possible difficulty in adjusting to changes in her routine or environment.  Dr. Simmons' summary shows that made she specific findings concerning actual limitations that she perceived as a result of her examination of plaintiff, and her equivocal statement concerning plaintiff's ability to adjust to changes does not rise to the level of a statement concerning the nature or severity of an actual limitation.  The ALJ considered other mental limitations identified by Dr. Simmons and found that plaintiff had mild limitations in each of the paragraph B categories. It is reasonable to infer from the ALJ's thorough summary of Dr. Simmons' findings that he considered Dr. Simmons' statement concerning plaintiff's possible limitation as to adjusting to changes and did not find that this statement supported the inclusion of any additional mental limitation.  In any event, the ALJ had no obligation to review the statement on the record and the Court finds no basis to review the case for additional proceedings.

**IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 18) is **accepted**, and the Commissioner's decision denying plaintiff's claim for disability benefits is **affirmed**.  A separate judgment is entered herewith.

**DATED** this 28th day of September, 2020.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

8